Caruthers, J.,
delivered the opinion of the Court:
The plaintiff brought an action of debt in the Circuit Court of Hawkins, on the 25th May, 1852, against Anderson, as maker, and the other defendants as endorsers on a note for $1,386, dated 14th May, 1846, and due in four months. The original writ was served on Cobb, who resided in Hawkins, and counterparts on McDermot in McMinn, and Anderson in Knox. Pleas in abatement were filed by all the defendants, upon the ground that the original process was not served upon the maker, and that he could not be brought into' Court upon a counterpart. Anderson plead sepa *671 rately, and the other defendants jointly — both pleas were signed by “ Barton & Deaderick, Attornies; ” and that of Anderson was verified by “J. W. Deaderick, Agent;” and the other by the parties themselves; but both purport to be by the parties in proper person. Demurrers to their pleas were overruled by the Court, and leave granted to reply. The main question is, whether this judgment of the Court was correct,
By our act of 1813, ch. 67, Caruth. & Nich., 415, more than one suit at the same time, against joint obligors or makers of notes or obligations, was prohibited, but all might be included in the same suit, although they reside in different counties, in which case provision was made to bring them all to the same forum, by the issuance of. counterparts of the original writ. By the first section of the act of 1820, ch. 25, endorsers might be included in the same suit with the makers, or either might be sued without the others at the election of the plaintiff. By the third section of the same act, Car. & Nich., 416, a general provision is made for the issuance of counterparts in all actions where suit may be brought against two or more defendants who may reside in different counties. This is not confined to suits on bonds and notes, as was the former act, but extends to all actions. The only restriction is, that the suit must be brought where one of the defendants “resides,” and the suit not of a local nature.
It was found that in the case of negotiable instruments this act was abused by the practice of endorsing bills or notes to some one where the suit was desired to be brought, convenient to the holder, and *672 by the use of the counterpart against the maker, to draw him to that jurisdiction, which in litigated cases was unjust and oppressive. To remedy this, the act of 1827, ch. 75, was passed. It provides, that in a joint action upon a “ negotiable instrument, service of a counterpart of the writ on the drawer thereof shall not be a good and sufficient service to hold such drawer, maker or obligor, to answer such action, unless the original writ shall have been executed on some one of the drawers, where there shall be more than one.”—Car. & Nich., 417. This added a third restriction upon the general provision for the issuance of counterparts, and clearly covers the case, and sustains the plea of defendant Anderson. But it is insisted that this is a plea to the jurisdiction of the Court over the person and not the subject matter,, and must therefore be made in proper person; and if by attorney the benefit of it is lost, because the recognition of the attornies of a Court amounts to a submission to the jurisdiction of the Court over the person. That is a correct principle, as was held by this Court in Shelby & Collins vs. Johnson & Burk, 7 Hum., 503. But here the plea purports to be in proper person, and not by attorney. It does not follow that because the plea was signed by an attorney, that it was not made by the defendant. We must take the record to speak the truth when it says that the defendant Anderson, “in proper person, comes and prays judgment,” &c. The plea is verified by an agent. That this may be done, was held in Bank of Tennessee vs. Jones and others, 1 Swan, 391. After the demurrer was overruled, and the plea correctly held to *673 be good in abatement, the plaintiff replied that the defendants had appeared by attorney, and therefore could not rely upon their said plea in abatement. This, upon demurrer, was held to be insufficient, and it was then replied that defendant Anderson had removed to and become .a citizen of California, and was there holding office under that government. To this a demurrer was also sustained. There was no error in this. The act of 1827 makes no exceptions in cases of the removal of the maker.
Although we thus consider the matter in abatement good as to Anderson, and the judgment of the Court, correct on the demurrer to his plea, yet it is difficult to see upon what ground the other defendants could escape from their liabilities in this action. The writ was served on Cobb in Hawkins, where he resided, which clearly gave the Court jurisdiction as to him, and then, under the act of 1820, a counterpart could be issued against any other material party, and by the subsequent act of 1827, no exception is made but in. favor of the maker. The Court therefore erred in holding that the plea of Cobb & McDermot was good, but should have sustained the demurrer to the same. It may be that the correction of this error will not in the end be of any benefit to the plaintiff, as the judgment will be, that the defendants will have liberty to put in such other pleas as they choose. But we cannot anticipate the future aspect the case may assume-; it is enough now to decide the questions presented by the record.
The judgment of the Circuit Court is affirmed as to defendant Anderson, but reversed as to Cobb & *674 McDermot, as to whom the demurrer to their plea in abatement is sustained, and the case remanded for further plea, and such other proceedings as may be necessary.